705 A.2d 1216

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT,
v. ANTHONY CALIGUIRI, DEFENDANT–
RESPONDENT.

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v.
RAMON MUNOS,[1] DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued September 9, 1997—Decided October 6, 1997—Remanded
by Supreme Court December 9, 1997—Supplemental Briefs
Submitted January 5, 1998—Decided February 23, 1998.

---

[1] Remand regarding Anthony Caliguiri only.

Before Judges DREIER, KEEFE and PAUL G. LEVY.

*Robert W. Gluck*, Middlesex County Prosecutor, attorney for appellant (*John N. Shaughnessy*, Assistant Prosecutor, of counsel and on the brief).

*Ivelisse Torres*, Public Defender, attorney for respondent (*Cecelia Urban*, Assistant Deputy Public Defender, of counsel and on the brief).

*Peter Verniero*, Attorney General, attorney for Amicus Curiae State of New Jersey (*Linda K. Danielson*, Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

DREIER, P.J.A.D.

This supplemental opinion follows a remand by the Supreme Court "for reconsideration in the light of Section 8 of the *Attorney General's Supplemental Directive for Prosecuting Cases Under the Comprehensive Drug Reform Act,* issued January 6, 1997." *See State v. Caliguiri,* 152 *N.J.* 186, 704 *A.*2d 16 (1997).

The facts of this case are set forth in our earlier opinion, *State v. Caliguiri,* 305 *N.J.Super.* 9, 701 *A.*2d 920 (App.Div.1997). The crime upon which defendant's pretrial intervention (PTI) application was denied was possession of CDS (marijuana) within one thousand feet of school property with intent to distribute. *N.J.S.A.* 2C:35–7. The intent to distribute was based upon defendant's alleged admissions. Defendant, upon questioning by the police, stated that although he had bought the marijuana for his own use, he would have given (not sold) some to his friends. This was not a case of a schoolyard "pusher." The arrest was at 1:58 a.m., and the possession in the school area was apparently happenstance, at least as it was alleged by defendant.

To begin, we note that the Attorney General's supplemental directive described in the Supreme Court's remand was issued on January 6, 1997, and it was therefore unavailable to the trial judge when he reversed the prosecutor's PTI denial in this case. The text of the applicable portion of the Directive reads:

8. A county prosecutor shall object to an application for pretrial intervention by any person charged with a violation of *N.J.S.A.* 2C:35–7 (distribution or possession with intent to distribute within a drug-free school zone) unless the prosecutor determines that the proofs available for trial would not sustain a conviction of that charge. It is inappropriate and inconsistent with the requirements of the aforementioned Attorney General Guidelines to allow a person subject to a mandatory term of imprisonment under the Comprehensive Drug Reform Act to be diverted from prosecution, especially because a standardized plea offer developed pursuant to the Attorney General's Plea Agreement Guidelines should already account for cases involving defendants who have no prior criminal record. In the unlikely event that a court overrules the prosecutor's objection to pretrial intervention, the county prosecutor shall appeal the court's decision, and shall immediately notify the Division of Criminal Justice, which may appear as *amicus curiae* in the appeal.[2]

In our reconsideration we remain mindful of the Court's statement that under certain circumstances it is "appropriate for prosecutors to base their rejections solely on the nature of an offense for which the Guidelines express a presumption against admission." *State v. Baynes*, 148 *N.J.* 434, 447, 690 *A.*2d 594 (1997). We here examine what was apparently meant by this language. In fact, *Baynes* provides some more explicit direction in this regard. PTI is presumptively unavailable to those charged with a violation of *N.J.S.A.* 2C:35–7. *Id.* at 449, 690 *A.*2d 594 ("The penalty structure for [*N.J.S.A.* 2C:35–7] is similar to that for second degree offenses for which admission to PTI is *presumptively* unavailable") (emphasis added). We are also mindful that the Attorney General is the chief law enforcement officer for the State, and as such, guides the prosecution of offenses by the county prosecutors. He and the county prosecutor, however, are

2 Since the Supreme Court's remand, the Attorney General has on January 15, 1998, issued the "Attorney General Directive to Enhance Uniformity in Sentencing Under the Comprehensive Drug Reform Act." In this Directive the Attorney General has, at the behest of the county prosecutors, defined minimum terms to be included in any plea agreements for crimes committed after the date of the Directive. Although there is no mention of PTI agreements, the new Directive in Section IV, declares that all of the provisions of the September 15, 1992 and January 6, 1997 Directives are to "remain in full force and effect." The new guideline specifies a minimum sentence for any prosecutor's agreement involving possession of marijuana within 1,000 feet of school property with intent to distribute to be 364 days in a county jail for under one ounce or a year in State prison for over one ounce.

subject to the law as established by the Legislature and interpreted by the Supreme Court.

We reaffirm our previous conclusion that although PTI may be *presumptively* unavailable to defendant Caliguiri, the prosecutor mistakenly denied entry into the program on a categorical basis, without allowing defendant the opportunity to rebut the presumption. The State argues that because *N.J.S.A.* 2C:35–7 carries a mandatory sentence, there should be no possibility for PTI for those convicted under the statute. However, the Supreme Court in *Baynes* specifically passed upon this argument.

> In restructuring drug offenses, in light of the[ ] policies [that the most culpable and dangerous drug offenders be punished, and that children be afforded special protection from the perils of drug trafficking], the Legislature created a new crime, *N.J.S.A.* 2C:35–7, covering possession with intent to distribute or actual distribution of drugs in a school zone. Under that section, proof that the offensive conduct occurred within a school zone is an element of the offense, and if the defendant is found guilty a jail term must be imposed as well as a minimum term. The penalty structure for this type of offense is similar to that for second degree offenses for which admission to PTI is presumptively unavailable.
>
> [*Baynes, supra,* 148 *N.J.* at 449, 690 *A.*2d 594 (citation omitted) ].

The prosecutor is, therefore, not without a standard to apply in such a case. The Court has equated this offense with one governed by *N.J.S.A.* 2C:44–1d. This section provides that offenses of the second degree should be punished with imprisonment "unless, having regard to the character and condition of the defendant, [the court] is of the opinion that his imprisonment would be a *serious injustice which overrides the need to deter such conduct by others.*" *N.J.S.A.* 2C:44–1d (emphasis added). Although the presumption of a denial of PTI certainly requires this heightened showing of eligibility by the defendant to rebut the presumption, the opportunity to rebut the presumption must nonetheless be granted to defendants on a case-by-case basis. We reiterate the Court's language that " 'PTI decisions are "primarily individualistic in nature" and a prosecutor must consider an individual defendant's features that bear on his or her amenability to rehabilitation.' " *Baynes, supra,* 148 *N.J.* at 442, 690 *A.*2d 594 (citations omitted); *see also id.* at 451, 690 *A.*2d 594 (holding in the

context of *N.J.S.A.* 2C:35–10a(1), that it was improper for prosecutors to "effectively eliminate[ ] a whole category of defendants from consideration" for PTI, when the Legislature "made all defendants initially eligible").

We again remand this matter to the Law Division for the Middlesex County Prosecutor to consider the standards set forth here and in our earlier opinion. In accordance with the Supreme Court's directions in *Baynes,* we rule that the Attorney General's directives of January 6, 1997, are invalid insofar as they require categorical, as opposed to presumptive, denials of entry into the PTI program for those charged under *N.J.S.A.* 2C:35–7.