741 A.2d 110

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. M. HERBERT STARUCH, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued November 10, 1999—Decided December 3, 1999.

Before Judges STERN and WEFING.

*Richard S. Haines*, argued the cause for appellant (*Haines & Thompson*, attorneys; *Mr. Haines*, on the brief).

*Peter J. Boser*, Assistant Monmouth County Prosecutor, argued the cause for respondent (*John Kaye*, Monmouth County Prosecutor, attorney; *Mr. Boser*, of counsel and on the brief).

The opinion of the court was delivered by

STERN, P.J.A.D.

After defendant's application for enrollment in the Pretrial Intervention Program ("PTI") was denied in June 1996, he pled guilty to a count of an indictment charging him with distribution of marijuana in a school zone.[1] Defendant was sentenced to four years in the custody of the Commissioner of Corrections with one year before parole eligibility. Defendant neither appealed to the designated PTI judge from the denial of his application, *see R.* 3:28(h), and in the absence thereof did not appeal to us notwithstanding his guilty plea, as authorized by *R.* 3:28(g).

More than one year after sentencing, which occurred in December 1996, defendant sought post-conviction relief ("PCR") by virtue of the rejection of his application for PTI. The trial judge

---

[1] While there is no dispute as to the background, neither the plea transcript nor judgment has been made part of the record on this appeal. We are told defendant pled guilty to a crime under *N.J.S.A.* 2C:35–7. In any event, he was indicted for various controlled dangerous substances offenses, including violations of *N.J.S.A.* 2C:35–7.

denied the application, and defendant argues to us that "[t]he Pretrial Intervention Program in conjunction with the Monmouth County Prosecutor's Office failed to properly consider Mr. Staruch's application into the Pretrial Program of Monmouth County," and that "[t]he remedy sought is entirely appropriate for post-conviction relief." We disagree with the latter contention and hold that the PCR petition was not cognizable under *R.* 3:22–2. Accordingly, we affirm the denial of PCR.

In *State v. Baynes,* 148 *N.J.* 434, 451, 690 *A.*2d 594 (1997), the Supreme Court made clear that rejection of a PTI application based merely on a policy of denying enrollment for someone charged with a drug offense in a school zone constitutes a "patent and gross abuse of discretion." *Baynes* involved simple possession of CDS within a school zone, not an offense in violation of *N.J.S.A.* 2C:35–7. *See also State v. Caliguiri,* 308 *N.J.Super.* 214, 705 *A.*2d 1216 (App.Div.1998), *aff'd* and *modified,* 158 *N.J.* 28, 726 *A.*2d 912 (1999), in which the Supreme Court held "that prosecutors may treat *N.J.S.A.* 2C:35–7 as equivalent to a second-degree offense and consider PTI presumptively unavailable," 158 *N.J.* at 43, 726 *A.*2d 912, and that a defendant so charged had to "show 'compelling reasons' to rebut the presumption against PTI." *Id.* at 44, 726 *A.*2d 912.

Defendant here was indicted for various violations of the Comprehensive Drug Reform Act, including possession with intent to distribute and distribution of marijuana within a school zone, *N.J.S.A.* 2C:35–7. He contends that because the Monmouth County Prosecutor "had a stated policy of denying admission into PTI" with respect to school zone offenders at the time of his rejection and "there was no case law in this state specifically dealing with PTI and a *per se* denial of a defendant charged with ... a school zone [offense]," he is now entitled to have his application reconsidered on the merits. Defendant asserts that:

It was not until October 6, 1997 that the appellate division in the case of *State v. Caliguiri,* 305 *N.J.Super.* 9 [701 *A.*2d 920] (App.Div.1997) ... decided that the *per se* prohibition was also applicable to defendants who were charged with possession with intent to distribute and/or distribution of a controlled dangerous substance

within a school zone. It was this case that makes it clear that Mr. Staruch was denied the rights to which he was entitled under the pretrial intervention statute.

Under the principles enunciated by the Supreme Court in *State v. Afanador* [,] 151 *NJ [N.J.]* 41 [697 *A.2d* 529] (1997) the defendant is entitled to be admitted into the pretrial intervention program under the principles enunciated in *State v. Baynes, supra,* that later became applicable by the application of *State v. Caliguiri, supra.* Consequently, it is clear by subsequent decisional law that the defendant experienced a substantial denial of his rights under the laws of the State of New Jersey which should be corrected by the granting of post conviction relief.

We conclude that the defendant's petition for PCR was properly denied. Except as provided in the New Jersey Constitution, *Rule* 3:22 provides "the exclusive means of challenging a judgment rendered upon conviction of a crime." *R.* 3:22–3. "It is not, however, a substitute for appeal from conviction...." *Ibid. See also R.* 3:22–4, –5. *R.* 3:22–2 provides:

A petition for post-conviction relief is cognizable if based upon any of the following grounds:

(a) Substantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey;

(b) Lack of jurisdiction of the court to impose the judgment rendered upon defendant's conviction;

(c) Imposition of sentence in excess of or otherwise not in accordance with the sentence authorized by law.

(d) Any ground heretofore available as a basis for collateral attack upon a conviction by habeas corpus or any other common-law or statutory remedy.

 Defendant points to no constitutional or statutory basis for relief. His contention is premised on the belief that the decisional law interpreting the PTI statute (*N.J.S.A.* 2C:43–12 and –13) and the PTI Rule and Guidelines (*R.* 3:28) must be given retroactive application even though he did nothing to raise or preserve his claim following his rejection by the PTI program director upon input from the prosecutor.[2] But PCR is not a substitute for an appeal by a defendant who declined to appeal his

---

[2] The trial judge properly noted that *State v. Baynes,* 287 *N.J.Super.* 336, 671 *A.2d* 146 (App.Div.1996), affirming 287 *N.J.Super.* 467, 671 *A.2d* 211 (Law Div.1995), had been decided before defendant's PTI application was rejected and "defendant had the ability, and right certainly, to appeal the Program Director's rejection...."

PTI rejection to the designated judge or, thereafter, to us. *See, e.g., State v. McQuaid,* 147 *N.J.* 464, 483, 688 *A.*2d 584 (1997). In any event, the PCR rule is not generally designed to give retroactive effect to case law which interprets statutes and Rules implementing them unless constitutional values are at stake. *See State v. Mitchell,* 126 *N.J.* 565, 577–78, 586, 601 *A.*2d 198 (1992) (noting that the challenge to the factual basis of defendant's plea was not of "constitutional dimension" and did not give rise to an illegal sentence, and that imposition of the maximum sentence under the plea agreement did "not rise to the level of a constitutional violation justifying the use of exception [*R.* 3:22–]4(c)" or *R.* 3:22–12). For example, in *State v. Burgess,* 154 *N.J.* 181, 712 *A.*2d 631 (1998), the Supreme Court affirmed our grant of PCR to a defendant convicted of violating the drug kingpin statute, *N.J.S.A.* 2C:35–3, without jury instructions later required by *State v. Alexander,* 136 *N.J.* 563, 643 *A.*2d 996 (1994). But in that case constitutional values were involved. *See also State v. Afanador,* 151 *N.J.* 41, 697 *A.*2d 529 (1997).[3]

*Burgess* and *Afanador* dealt with the instructions on statutory elements of an offense which are "especially crucial to the satisfaction of a criminal defendant's due process rights," *Burgess, supra,* 154 *N.J.* at 185, 712 *A.*2d 631, as deficient jury instructions result in "[t]he denial of defendant's constitutional rights." *Id.* at 185–86, 712 *A.*2d 631. Moreover, the defendant in *Burgess* had raised the issue concerning the jury charge in his petition for certification following affirmance of his conviction so that *R.* 3:22–4 did "not [bar] his application for post-conviction relief." *Burgess, supra,*

---

[3] In *Afanador,* cited by defendant, the Supreme Court concluded that *Alexander* involved an initial interpretation of a statute and "did not create a new rule of law," *Afanador, supra,* 151 *N.J.* at 57–58, 697 *A.*2d 529, but could be applied to defendant's case tried before *Alexander* was decided because the issue was raised in defendant's petition for certification after his direct appeal. *Id.* at 57–60, 697 *A.*2d 529. *See also Burgess, supra,* 154 *N.J.* at 185, 712 *A.*2d 631. For the same reason, the procedural bars embodied in *R.* 3:22–3,—4, –5 and –12 did not apply in *Afanador. Afanador, supra,* 151 *N.J.* at 49–53, 697 *A.*2d 529.

154 *N.J.* at 185, 712 *A.*2d 631. Similarly, because the defendant in *Afanador* had also attacked the jury instructions in his original petition for certification, his "PCR petition [was] not procedurally barred." *State v. Afanador, supra,* 151 *N.J.* at 53, 697 *A.*2d 529.

Had defendant appealed the denial of his PTI application, as did the defendants in *Baynes* and *Caliguiri,* we presume he would have been entitled to a remand and further consideration of his application on the merits. But defendant did not do so, and whether or not we consider *Baynes* and *Caliguiri* to have announced a new rule of law, which we do not, *see Afanador* at 57–59, 697 *A.*2d 529, their holdings do not permit defendant to seek their benefit through a petition for PCR filed almost two years after his PTI application was denied and, in any event, more than sixteen months after he was sentenced and the judgment of conviction was entered.

An issue of "retroactivity can arise only where there has been a departure from existing law." *State v. Burstein,* 85 *N.J.* 394, 403, 427 *A.*2d 525 (1981). *See also State v. Purnell,* 161 *N.J.* 44, 53, 735 *A.*2d 513 (1999). But even applying principles of retroactivity to the issue involved, as if a new rule of law was involved, *see Afanador,* 151 *N.J.* at 57–59, 697 *A.*2d 529, we find no basis for relief. No constitutional value is at stake; nor is any issue involving "reliability of the truth finding process," *id.* at 58–59, 697 *A.*2d 529; there was no reported judicial opinion on which defendant reasonably relied to prevent a challenge to his PTI denial, and we have no way of telling on this record how many PTI applications were denied since adoption of *N.J.S.A.* 2C:35–7 in 1986 that would have to be reconsidered. *See Afanador,* 151 *N.J.* at 57–59, 697 *A.*2d 529. *See also, e.g., State v. Purnell, supra,* 161 *N.J.* at 56, 735 *A.*2d 513 (holding that a new rule of law that the jury rather than judge must decide the materiality element of perjury would not be retroactively applied because of the "potentially ... very large number of convictions that would be affect-

ed"); [4] *State v. Knight,* 145 *N.J.* 233, 258, 678 *A.*2d 642 (1996) (holding that a ruling finding a state constitutional right to counsel did not apply retroactively "to those defendants who had exhausted all avenues of direct relief at the time [*State v.*] *Sanchez* [129 *N.J.* 261, 609 *A.*2d 400 (1992)] was decided"); *State v. Burstein, supra,* 85 *N.J.* at 411, 427 *A.*2d 525 (interpreting the Wiretap Act as a "new rule of law," but not giving it even limited retroactivity); *State v. Clark,* 324 *N.J.Super.* 178, 188–89, 735 *A.*2d 1 (App.Div. 1999) (noting that "our holding that counsel's representation of defendant created an appearance of impropriety [not of constitutional dimension] will apply only to [defendant's direct appeal and future cases] . . . 'but not in any other litigation that is pending or has reached final judgment,'" (quoting *State v. Knight, supra,* 145 *N.J.* at 249–51, 678 *A.*2d 642)).

The order denying PCR is affirmed.

---

[4] *Purnell* discusses the different federal retroactivity requirements when a federal constitutional right is involved in a pending case and collateral attack. *Id.* at 58–64, 735 *A.*2d 513.