833 A.2d 1094 (2003)
363 N.J. Super. 556
STATE of New Jersey, Plaintiff-Respondent,
v.
Joseph DAVIS, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted October 8, 2003.
Decided October 24, 2003.
*1095 Yvonne Smith Segars, Public Defender, attorney for appellant (Frank J. Pugliese, Assistant Deputy Public Defender, of counsel and on the brief).
Peter C. Harvey, Attorney General of New Jersey, attorney for respondent (H. John Witman, III, Deputy Attorney General, of counsel and on the brief).
Before Judges PRESSLER, CIANCIA and PARKER.
The opinion of the court was delivered by CIANCIA, J.A.D.
This appeal addresses the trial court's duty to instruct the jury on the State's obligation to prove identification even when such a charge was not requested. On the facts presented, the absence of such an instruction constitutes plain error.
Following a jury trial, defendant Joseph Davis was found guilty of possession of cocaine, N.J.S.A. 2C:35-10a(1); possession of cocaine with intent to distribute, N.J.S.A. 2C:35-5a(1); possession of cocaine within 1000 feet of school property with intent to distribute, N.J.S.A. 2C:35-7; distribution of cocaine, N.J.S.A. 2C:35-5a(1), b(3); and distribution of cocaine within 1000 feet of school property, N.J.S.A. 2C:35-7.
For purposes of sentencing, all the convictions merged into the third-degree offense of distributing cocaine within 1000 feet of school property.[1] Defendant was extended-term eligible by virtue of his criminal record. N.J.S.A. 2C:43-6f. He was sentenced to an eight-year term of imprisonment with four years of parole ineligibility. Appropriate fees and penalties were also imposed.
On appeal defendant contends:
POINT I
WHERE THE SOLE DEFENSE WAS ONE OF MISIDENTIFICATION, THE TRIAL COURT ERRED BY FAILING TO PROVIDE THE JURY WITH AN INSTRUCTION ON IDENTIFICATION. THE TRIAL COURT COMPOUNDED THE POTENTIAL FOR PREJUDICE BY FAILING TO CAUTION THE JURY CONCERNING POLICE POSSESSION OF DEFENDANT'S PHOTO, INCLUDING TESTIMONY THAT POLICE KNEW DEFENDANT PRIOR TO HIS PRESENT ARREST. THESE ERRORS COMBINED TO DENY DEFENDANT DUE PROCESS OF LAW AND A FAIR TRIAL. U.S. Const., Amends. VI and XIV; N.J. Const. (1947), Art. I, pars. 1, 10. (Not Raised Below)
POINT II
THE DEFENDANT'S MANDATORY EXTENDED TERM SENTENCE OF EIGHT YEARS WITH FOUR YEARS OF PAROLE INELIGIBILITY FOR DISTRIBUTION OF A MINUSCULE AMOUNT OF COCAINE WITHIN 1,000 FEET OF A SCHOOL, IS MANIFESTLY EXCESSIVE, UNDULY PUNITIVE AND NOT IN ACCORDANCE WITH THE CODE OF CRIMINAL JUSTICE. *1096 We find merit in defendant's contention that the trial court's failure to instruct the jury on identification constituted plain error. R. 2:10-2. Because that error requires a reversal of defendant's judgment of conviction, we do not address the other issues raised.
For present purposes the facts may be summarized as follows. Defendant allegedly sold drugs to a federal undercover officer of the Drug Enforcement Agency (DEA). Prior to that occasion the officer had never met the defendant. Backup officers attempted to arrest the drug seller, but he fled on foot. About twenty-five minutes after the sale the DEA officer was shown a single photograph by a local detective which he identified as depicting the seller of the drugs. It was a picture of defendant Davis. Four months after the drug sale defendant was arrested.
Defendant did not testify, but his defense was squarely one of misidentification. Defense counsel's opening argument was little more than an assertion that defendant was not the drug seller:
At this point, ladies and gentlemen, I'm going to ask you to do only one thing: That is to withhold any thoughts, any judgements that you have on this case until after you've heard the rest of the story because I'm confident after you've heard the rest of the story, you will determine that the State cannot prove beyond a reasonable doubt that the individual who sold crack cocaine to the undercover officer was my client.
Cross-examination of the State's witnesses was in large part directed at whether the police officers knew defendant prior to the sale, whether they had the ability to accurately identify the perpetrator in light of all the surrounding circumstances, and whether the witnesses' recollections were accurate.
At the close of the State's case defense counsel made a motion for acquittal "based on the failure of the State to solicit any testimony from [a testifying police officer] regarding an identification of my client." The motion was also based on the DEA agent's failure to specifically identify the cocaine in evidence as the drugs purchased on the day in question.
Following denial of defendant's motion for acquittal, defense counsel presented his closing arguments to the jury. His theme was that the State had not met its burden of proving beyond a reasonable doubt that defendant was the individual who sold crack cocaine to the undercover DEA agent.
The State had a strong case against defendant because the local detective who served as a backup to the DEA officer drove by the sale location shortly after the drugs were sold and recognized defendant, whom he had known previously. We also acknowledge that defense counsel did not specifically request a charge on identification. Nevertheless, when the facts so warrant, the court is obligated to instruct the jury on all relevant law even absent a specific request. State v. Grunow, 102 N.J. 133, 148, 506 A.2d 708 (1986). Appropriate and proper charges to the jury are essential for a fair trial. State v. Afanador, 151 N.J. 41, 54, 697 A.2d 529 (1997). The court is obligated to explain the controlling legal principles and the questions the jury will decide. State v. Martin, 119 N.J. 2, 15, 573 A.2d 1359 (1990).
Here, the court gave no instruction whatsoever as to the State's obligation to prove identification beyond a reasonable doubt. The seminal decision on the need for identification instructions is State v. Green, 86 N.J. 281, 430 A.2d 914 (1981). There, the court stated that a request for jury instructions shall be granted when *1097 those instructions relate to "essential and fundamental issues and those dealing with substantially material points." Id. at 290, 430 A.2d 914; accord State v. Robinson, 165 N.J. 32, 40, 754 A.2d 1153 (2000); State v. Cromedy, 158 N.J. 112, 128, 727 A.2d 457 (1999). And because a defendant may "justifiably assume that fundamental matters will be covered in the charge," Green, supra, 86 N.J. at 288, 430 A.2d 914, the failure to give such an instruction, even when not requested, may constitute reversible error. State v. Pierce, 330 N.J.Super. 479, 487-490, 750 A.2d 139 (App.Div.2000). While it is possible that the corroborative evidence against a defendant may be sufficiently strong that the failure to give an identification instruction does not constitute plain error, State v. Salaam, 225 N.J.Super. 66, 70, 541 A.2d 1075 (App.Div.1988), as a matter of general procedure a model identification charge should be given in every case in which identification is a legitimate issue. State v. Copling, 326 N.J.Super. 417, 434, 741 A.2d 624 (App.Div.1999), certif. denied, 164 N.J. 189, 752 A.2d 1290 (2000); State v. Gaskin, 325 N.J.Super. 563, 573, 740 A.2d 157 (App.Div.1999), certif. denied, 164 N.J. 190, 752 A.2d 1291 (2000). The failure to give such a charge or to give an adequate charge is most often reversible error. State v. Pierce, supra, 330 N.J.Super. at 487-490, 750 A.2d 139; State v. Malloy, 324 N.J.Super. 525, 736 A.2d 532 (App.Div. 1999); State v. McNeil, 303 N.J.Super. 266, 696 A.2d 757 (App.Div.1997); State v. Frey, 194 N.J.Super. 326, 476 A.2d 884 (App.Div.1984). While in some instances it may not be necessary to present an extended charge on identification, nevertheless, the complete absence of any reference to identification as an issue or as an essential element of the State's case is improper. That is the situation in the present case. Although the trial court gave general instructions on such things as credibility and the elements of the crimes charged, there was no specific instruction on the State's burden to prove identification beyond a reasonable doubt. The defense's claim of misidentification, although thin, was not specious. A jury is at liberty to reject a meritless defense, but trial courts are not at liberty to withhold an instruction, particularly when that instruction addresses the sole basis for defendant's claim of innocence and it goes to an essential element of the State's case. An extended instruction on identification was not necessary on the present facts,[2] but at the very least the jury should have been told, in the words of the present standard Model Jury Charge on identification:
The defendant as part of [his/her] general denial of guilt contends that the State has not presented sufficient reliable evidence to establish beyond a reasonable doubt that [he/she] is the person who committed the alleged offense. The burden of proving the identity of the person who committed the crime is upon the State. For you to find this defendant guilty, the State must prove beyond a reasonable doubt that this defendant is the person who committed the crime. The defendant has neither the burden nor the duty to show that the crime, if committed, was committed by someone else, or to prove the identity of that other person. You must determine, therefore, not only whether the State has proved each and every element of the offense charged beyond a reasonable doubt, but also whether the State has proved beyond a reasonable doubt that *1098 this defendant is the person who committed it.
[Model Jury Charge (Criminal), "Identification" (1999).]
For these reasons defendant's judgment of conviction is reversed.
We address one further matter in the jury charge, although not raised by the defendant as error. At the conclusion of the charge, the trial judge added, "[o]ne final notation before we select the alternates. If you think it's boring listening to this stuff, think about giving it." Such a comment demeans the judicial process and is singularly inappropriate.
Reversed and remanded.
NOTES
[1] Defendant's June 14, 2002 judgment of conviction and his amended judgment of conviction entered on July 10, 2002, both incorrectly reflect a concurrent five-year term with a three-year period of parole ineligibility for the conviction of distribution of cocaine, count four in the indictment.
[2] In some instances an abbreviated charge on identification may be so inadequate as to constitute plain error. State v. Pierce, supra, 330 N.J.Super. at 489-490, 750 A.2d 139; State v. Malloy, supra, 324 N.J.Super. at 533-534, 736 A.2d 532.