**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4267-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

PAUL A. FLORA,

    Defendant-Appellant.

_____

Submitted June 7, 2018 — Decided September 7, 2018

Before Judges Simonelli and Rothstadt.

On appeal from Superior Court of New Jersey,
Law Division, Ocean County, Indictment No. 15-
10-1952.

Joseph E. Krakora, Public Defender, attorney
for appellant (Stefan Van Jura, Deputy Public
Defender II, of counsel and on the brief).

Joseph D. Coronato, Ocean County Prosecutor,
attorney for respondent (Samuel J. Marzarella,
Chief Appellate Attorney, of counsel; William
Kyle Meighan, Senior Assistant Prosecutor, on
the brief).

PER CURIAM

    Defendant Paul A. Flora appeals from a judgment of conviction

entered after a jury found he committed one count of second-degree

eluding, N.J.S.A. 2C:29-2(b). On appeal, he argues that the trial court erred by failing to instruct the jury about its use of a witness's in-court identification of defendant, even though he did not request the instruction. For the reasons that follow, we affirm.

Defendant's conviction arose from a police officer identifying him as the driver of a vehicle that took off at a high rate of speed after the officer stopped the driver and directed him to step out of the vehicle. The events leading to the vehicle's stop took place on an evening in August 2015 when Toms River police officer Sean Smith was assigned to control traffic at a road construction project within the community. The construction area was illuminated by existing street lights and additional lighting provided by the construction company.

When the officer arrived at the site, he parked his marked vehicle with its lights flashing in the road's closed left lane near the construction. He was in full uniform and wore a neon safety vest, similar to the vests being worn by the construction workers at the site.

At approximately 10:00 p.m., Smith was performing his duties when he heard screeching tires and observed a blue truck, identified as a Chevy Trailblazer stopped in the closed left lane within a few inches behind his parked police vehicle. Smith

approached the vehicle but before he arrived, the truck began to reverse. Smith verbally directed the driver to stop and the driver complied.

When Smith arrived at the vehicle, he approached the driver's side window, placed his hands on the truck, and spoke to the driver. Smith described the driver as an approximately fifty-year-old white male. In response to Smith's inquiry, the driver told him that he was coming from Seaside. During the conversation, Smith detected the odor of alcohol. He directed the driver to step out of the truck. Instead of complying, the driver put the vehicle into gear and took off at a high rate of speed. As the vehicle began to leave, Smith jumped back to avoid being injured and observed the truck cutting into traffic without signaling.

For safety reasons, Smith decided not to pursue the truck and instead notified dispatch and called in the vehicle's plate number in an attempt to identify the driver. Dispatch personnel informed Smith that the vehicle was registered to defendant. When he later returned to headquarters, Smith used the information he obtained from dispatch to locate photographs of the registered owner from electronic records. The photographs he obtained were of defendant, who Smith testified was the man driving the truck, though he admitted he could only recall the driver being a white male with short gray hair.

After defendant's arrest, a grand jury indicted him, charging defendant with the single count of second-degree eluding. At his trial, the State called as witnesses Smith and a construction worker who observed Smith's interaction with the truck's driver. Defendant called a defense investigator who testified about his telephone conversation with the testifying construction worker. During Smith's testimony, he identified defendant as the driver of the truck. In addition, the court admitted into evidence defendant's vehicle registration. Defendant did not object to the in-court identification or the admission of the registration. On cross-examination, defense counsel questioned Smith regarding his initial stop of defendant and whether he ever identified himself as a police officer to defendant. Smith responded that although he never explicitly told defendant that he was a police officer, that it was "implied" because he was standing by his police vehicle and was in uniform.

After the State rested, defendant moved unsuccessfully for an acquittal, contending only that the State failed to prove defendant had knowledge he was eluding. After the defense rested, and during the ensuing charge conference, defendant did not request a jury charge relating to Smith's identification of him.[1] During

---

[1] See Model Jury Charges (Criminal), "Identifications: In-Court and Out-of-Court Identification" (rev. July 19, 2012).

A-4267-16T3

summations, defense counsel did not raise an identification argument. Rather, he again argued that the State failed to prove defendant had knowledge he was eluding the officer.

When the court charged the jury, it did not include the identification charge and defendant never objected to its omission. However, the court charged the jury that the State had to prove beyond a reasonable doubt that defendant was the driver of the truck. It also charged the jury with the remaining elements of eluding and noted that according to the statute, there was a rebuttable presumption that the registered owner was the driver of the vehicle, which the jury could choose to accept or reject.

After considering the evidence, the jury returned its verdict convicting defendant of the one charge. The trial court later sentenced defendant to a five-year term of imprisonment. This appeal followed.

On appeal, defendant specifically argues:

> POINT I
>
> DEFENDANT WAS DENIED HIS RIGHTS TO DUE PROCESS AND A FAIR TRIAL BY THE TRIAL COURT'S FAILURE TO PROVIDE ANY IDENTIFICATION INSTRUCTION TO THE JURY. U.S. CONST. AMENDS. V, VI AND XIV; [N.J. CONS. ART. I, ¶ ¶ 1, 9, 10]. (Not Raised Below).

According to defendant, his identification "as the driver of the Trailblazer was a crucial and contested issue in the case[,]"

which required the trial court to deliver an identification charge to the jury even though defendant did not request the charge. In support, defendant relies upon the Supreme Court's opinions in State v Henderson, 208 N.J. 208 (2011),[2] and State v. Sanchez-Medina, 231 N.J. 452 (2018). We find his reliance on those cases inapposite and his contention to be without merit.

We review a "missing instruction on identification . . . for plain error." Sanchez-Medina, 231 N.J. at 468 (citations omitted). The error must be "clearly capable of producing an unjust result . . . ." R. 2:10-2. Courts "review for plain error the trial court's obligation to sua sponte deliver a jury instruction when a defendant does not request it and fails to object at trial to its omission." State v. Alexander, 233 N.J. 132, 141-42 (2018) (citations omitted). We consider "[d]efendant's failure to 'interpose a timely objection [to] constitute[] strong evidence that the error belatedly raised here was actually of no moment.'"

---

[2]  In Henderson, a defendant challenged an identification on the ground police officers had unduly influenced the eyewitness. 208 N.J. at 217. The eyewitness initially expressed doubt about the identity of the perpetrator, but was able to confidently identify the defendant after meeting with investigators. Id. at 223-24. The Court identified numerous factors that can affect the ability of a witness to remember and identify perpetrators of crimes, resulting in misidentifications, and ordered an amplified, comprehensive jury charge. Id. at 298-99. The Model Jury Charges (Criminal), "Identification: In-Court and Out-of-Court Identifications" (rev. July 19, 2012) was then drafted and adopted by the Court.

State v. Tierney, 356 N.J. Super. 468, 481 (App. Div. 2003) (quoting State v. White, 326 N.J. Super. 304, 315 (App. Div. 1999)). Absent a request to charge or objection, "there is a presumption that the charge . . . was unlikely to prejudice the defendant's case." State v. Singleton, 211 N.J. 157, 182 (2012) (citing State v. Macon, 57 N.J. 325, 333-34 (1971)). Any alleged, plain "error must be evaluated 'in light of the overall strength of the State's case.'" Sanchez-Medina, 231 N.J. at 468 (quoting State v. Galicia, 210 N.J. 364, 388 (2012)) (addressing an identification issue where "[d]efendant's convictions rest largely on the testimony of four victims, only one of whom could identify him" as "[t]he witnesses' descriptions of their assailants varied").

In Sanchez-Medina, the Court made clear that "[w]hen eyewitness identification is a 'key issue,' the trial court must instruct the jury how to assess the evidence—even if defendant does not request the charge." Id. at 466 (quoting State v. Cotto, 182 N.J. 316, 325 (2005)). However, in order for the failure to deliver the charge to be plain error, identification must be "a critical issue at trial that defendant disputed." Id. at 469; see also Cotto, 182 N.J. at 325. An issue is made a "key issue" if it is "the major, if not the sole, thrust of the defense . . . ." State v. Green, 86 N.J. 281, 291 (1981).

7

Applying these guiding principles, we conclude defendant's contention on appeal is without merit because defendant never raised identification as an issue at trial. At best, it was alluded to only in defense counsel's opening statement when he mentioned that there was no surveillance video of defendant at the crime scene and no statement by him admitting he was the driver. Those comments alone did not create a "key issue" as to Smith's in-court identification of defendant.

Also, not only was the issue of identification not "critical" or "disputed" by defendant at trial, but the eluding statute contains a "rebuttable presumption" that as the vehicle's owner, he was the operator when Smith stopped the vehicle and directed the driver to step out. See N.J.S.A. 2C:29-2(b). There was no evidence adduced at trial to rebut that presumption, and the trial court properly charged the jury as to the presumption, including its right to not "draw the . . . inference" if it did want to rely upon the presumption.

Where, as here, identification was not an issue at all, the trial court did not err by failing to sua sponte give an identification charge. See State v. Gaines, 377 N.J. Super. 612, 625-27 (App. Div. 2005) (finding failure to provide an identification charge was not plain error where identification was not a key issue and there was overwhelming identification

evidence); cf. State v. Davis, 363 N.J. Super. 556, 561 (App. Div. 2003) (holding an identification instruction was required where a misidentification defense "although thin, was not specious").

Moreover, the jury was otherwise clearly instructed that the State must prove beyond a reasonable doubt that defendant committed the crimes for which he was charged. Under all of the circumstances presented, we are not convinced that the court's failure to sua sponte give an identification charge had the clear capacity to bring about an unjust result.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4267-16T3