**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3879-16T4

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

RAYMOND L. BARTEE, JR.,
a/k/a RAYMOND L. BARTEE,
RAYMOND BARTEE, RAY
BARTEE, QURELL GITTINGS,
RAYMONDJR L. BARTEE, and
RAYRAY BARTEE,

      Defendant-Appellant.

_____

Submitted October 9, 2018 – Decided  October 30, 2018

Before Judges Messano and Fasciale.

On appeal from Superior Court of New Jersey, Law Division, Cape May County, Indictment No. 16-02-0209.

Joseph E. Krakora, Public Defender, attorney for appellant (Alicia J. Hubbard, Assistant Deputy Public Defender, of counsel and on the brief).

Jeffrey H. Sutherland, Cape May County Prosecutor, attorney for respondent (Gretchen A. Pickering, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

A jury convicted defendant Raymond Bartee of fourth-degree resisting arrest by flight, N.J.S.A. 2C:29-2 (a)(2), the single count in the indictment. The judge sentenced defendant to eighteen months' imprisonment.

At trial, Wildwood Police Officer James Stevens testified he was in uniform on patrol in a marked police car during the early morning hours of June 28, 2015.  He saw defendant, who was "known throughout the police department," walking on the sidewalk.  Before the jury, Stevens identified a photograph of defendant.[1]  Believing there were active warrants for defendant's arrest, Stevens contacted police dispatch and confirmed his suspicion.  As defendant stood on the sidewalk in front of a club, Stevens parked his vehicle across the street and approached.  The two "made eye contact," and the officer told defendant "to stop . . . and that he was under arrest."

When Stevens was within twenty-five feet, defendant ran down an alley next to the club.  Stevens gave chase, yelling at defendant to "stop multiple times and that he was under arrest."  Stevens eventually lost sight of defendant.

---

[1]  Defendant elected not to attend the trial.

Although other officers arrived and formed a perimeter around the area, they were unable to locate defendant. Stevens swore out a complaint, which charged defendant with resisting arrest by flight, and another officer arrested defendant on July 18, 2015.

Defendant did not testify or produce any witnesses. However, defense counsel's closing statement posited the argument that defendant may not have heard Stevens's command, and, given defendant's past "adversarial relationship" with police, he left without waiting to see what the approaching officer wanted. Defense counsel asked the jury to consider whether defendant "actually [knew] that he was being . . . told to stop because he's under arrest." See Model Jury Charges (Criminal), "Resisting Arrest-Flight Alleged (N.J.S.A. 2C:29-2a)" (rev. May 7, 2007) (Model Charge) at 2 (providing that "the State must prove beyond a reasonable doubt . . . that the defendant knew or had reason to know that [Stevens] was a law enforcement officer effecting an arrest").

After summations, the judge charged the jury. After approximately thirty minutes of deliberation, it returned a guilty verdict.

Defendant raises the following points on appeal:

> POINT I
>
> THE TRIAL COURT ERRED TO THE DEFENDANT'S PREJUDICE BY FAILING TO

INSTRUCT THE JURY ON HOW TO CONSIDER THE OFFICER'S IDENTIFICATION OF MR. BARTEE AS THE PERSON WHO FLED FROM HIM ON THE NIGHT IN QUESTION. (U.S. CONST. AMENDS. V, VI, XIV; N.J. CONST. ART. I, PARS. 1, 9, AND 10). (Not Raised Below)

POINT II

THE TRIAL COURT ERRED TO THE DEFENDANT'S PREJUDICE BY FAILING TO PROVIDE THE JURY WITH THE MODEL INSTRUCTION CONCERNING THE DEFENDANT'S ALTERNATIVE EXPLANATION FOR FLIGHT, OTHER THAN TO AVOID ARREST. (U.S. CONST. AMENDS. V, VI, XIV; N.J. CONST. ART. I, PARS. 1, 9, AND 10). (Not Raised Below)

We have considered these arguments in light of the record and applicable legal standards. We affirm.

"Our rules provide that a defendant waives the right to contest an instruction on appeal if he does not object to the instruction. R. 1:7-2. We may reverse on the basis of unchallenged error if we find error that was 'clearly capable of producing an unjust result.' R. 2:10-2." State v. Torres, 183 N.J. 554, 564 (2005). The Court has said that

> [i]n the context of a jury charge, plain error requires demonstration of "[l]egal impropriety in the charge prejudicially affecting the substantial rights of the defendant sufficiently grievous to justify notice by the reviewing court and to convince the court that of itself

the error possessed a clear capacity to bring about an unjust result."

[State v. Burns, 192 N.J. 312, 341 (2007) (second alteration in original) (emphasis added) (quoting State v. Jordan, 147 N.J. 409, 422 (1997)).]

We assess the allegation of error in light of "the totality of the entire charge, not in isolation." State v. Chapland, 187 N.J. 275, 289 (2006) (citing State v. DiFrisco, 137 N.J. 434, 491 (1994)). While an erroneous jury charge may be a "'poor candidate[] for rehabilitation' under the plain error theory," Jordan, 147 N.J. at 422-23 (quoting State v. Simon, 79 N.J. 191, 206 (1979)), we nonetheless consider the effect of any error in light "of the overall strength of the State's case." Chapland, 187 N.J. at 289.

Defense counsel did not request, and the judge did not provide, any jury instructions on identification. Defendant argues the judge should have provided a charge on identification sua sponte because Stevens's identification of defendant as the person who ran from his command was the critical issue in the case. We disagree.

"When identification is a 'key issue,' the trial court must instruct the jury on identification, even if a defendant does not make that request." State v. Cotto, 182 N.J. 316, 325 (2005) (citing State v. Green, 86 N.J. 281, 291 (1981); State v. Davis, 363 N.J. Super. 556, 561 (App. Div. 2003)). "Failure to issue the

5

instruction may constitute plain error . . . depend[ing] on the strength and quality of the State's corroborative evidence . . . ." Id. at 326 (internal citation omitted). "Identification becomes a key issue when '[i]t [is] the major . . . thrust of the defense[.]'" Id. at 325 (first two alterations in original) (quoting Green, 86 N.J. at 291).

Stevens knew defendant from prior involvement with him, not from a one-time encounter, as was the case in State v. Pressley, 232 N.J. 587, 589 (2018), which defendant cites for support. In fact, defense counsel asked the jury to consider whether defendant fled precisely because he was known to the police and had prior adverse experiences with law enforcement.

Moreover, the Court in Pressley considered, without deciding, whether "identifications by law enforcement officers should be examined to determine if an 'impermissibly suggestive' identification procedure was used and to assess whether a defendant has proven 'a very substantial likelihood of irreparable misidentification.'" Id. at 591 (quoting State v. Henderson, 208 N.J. 208, 238 (2011) (summarizing federal law)). Here, the only "identification procedure" was Stevens's in-court identification of defendant's photograph, necessitated by defendant's voluntary absence from the courtroom, which went unchallenged at the time by defense counsel. In short, identification was not a "key issue" at

trial, and the judge's failure to provide instructions on identification sua sponte was not error.

"The basic offense of resisting arrest, that is, purposely preventing or attempting to prevent a law enforcement officer from effecting an arrest, is a disorderly persons offense. It is raised to a fourth-degree crime if the prevention or attempted prevention of the arrest is accomplished by flight." State v. Simms, 369 N.J. Super. 466, 470 (App. Div. 2004). When providing instructions on the substantive offense, the judge generally followed the Model Charge, which first defines the elements of the lesser-included offense of resisting arrest. See Model Charge at 1-3. The Model Charge then provides additional alternative instructions whenever the alleged resisting occurs by flight. We quote them at length, underlining those portions omitted by the judge:

> (THE FOLLOWING SHOULD BE USED WHEN DEFENDANT DENIES FLIGHT) [Option 1]
>
> If you find that the State has proven the basic offense of resisting arrest beyond a reasonable doubt, you must continue your deliberations to consider whether the State has proven beyond a reasonable doubt that he/she committed the more serious offense of resisting arrest by the act of flight. The defendant denies any flight (OR the defendant denies that the acts constituted flight). Mere departure from a place where a crime has been committed does not constitute flight. The State must prove beyond a reasonable doubt that

the defendant, fearing that he/she would be arrested, fled for the purpose of evading that arrest.

OR

(THE FOLLOWING SHOULD BE USED WHERE DEFENDANT HAS NOT DENIED THAT HE/SHE LEFT THE SCENE BUT CLAIMS THAT HE/SHE DID SO FOR A REASON OTHER THAN EVADING ARREST) [Option 2]

If you find that the State has proven the basic offense of resisting arrest beyond a reasonable doubt, you must continue your deliberations to consider whether the State has proven beyond a reasonable doubt that he/she committed the more serious offense of resisting arrest by the act of flight. The defendant (OR the defense) has not denied that he/she left the scene, but claims that his/her purpose was not to evade arrest, but, rather, was to:

[SET FORTH EXPLANATION SUGGESTED BY DEFENSE]

The State must prove beyond a reasonable doubt that the defendant, fearing that he/she would be arrested, fled for the purpose of evading that arrest.

[Id. at 3-4 (emphasis added).]

Defense counsel made no objection to the charge as given.

Defendant now argues the judge committed plain error by failing to provide Option 2 of the Model Charge because defendant offered, through counsel, reasons for leaving the scene other than to avoid arrest. The State

8

primarily contends defense counsel's argument was not evidence, and therefore there was no obligation to provide instructions under Option 2.

We agree with the State that Option 2 is appropriate only when there is evidence in the record that may raise a reasonable doubt as to whether defendant's departure was "for the purpose of evading . . . arrest." It is axiomatic that counsel's summation was not evidence. See, e.g., State v. Land, 435 N.J. Super. 249, 268-69 (App. Div. 2014) (citing our general jury instructions providing that counsels' summations are not evidence). Therefore, the judge's failure to provide instructions contained in Option 2 was not plain error requiring reversal.

Through his decision to go to trial, defendant asserted a general denial of guilt. Although not raised by defendant, for the sake of completeness, we address the judge's omission of the underlined language in Option 1. Flight is an essential element of fourth-degree resisting arrest. "The prosecution bears the constitutional burden of proving each element of a crime beyond a reasonable doubt." State v. Grenci, 197 N.J. 604, 622 (2009) (citing In re Winship, 397 U.S. 358, 364 (1970); State v. Denofa, 187 N.J. 24, 38 (2006)). "[P]roper explanation of the elements of a crime is especially crucial to the

satisfaction of a criminal defendant's due process rights." State v. Burgess, 154 N.J. 181, 185 (1998) (citing State v. Martin, 119 N.J. 2, 15-17 (1990)).

"[M]odel jury charges should be followed and read in their entirety to the jury." State v. R.B., 183 N.J. 308, 325 (2005). Here, defendant was entitled to have the judge instruct the jury as to Option 1 of the Model Charge in its entirety. This is so because defendant's decision to run down the alley as officer Stevens approached is not necessarily "flight," as required by the statute. As the Court has said in a different context, i.e., whether evidence of flight is probative of consciousness of guilt, "evidence of flight is probative if the flight is accompanied by an intent to avoid detection or apprehension." State v. Ingram, 196 N.J. 23, 46 (2008). "[D]eparture to avoid detection or apprehension" is "[t]he logically required tipping point." Id. at 47. Thus, Option 1 properly tells the jury: "Mere departure from a place where a crime has been committed does not constitute flight." Model Charge at 3.

Here, in providing the jury with instructions on the elements of the crime, the judge should have molded the language of Option 1 and told the jury: "[T]he defendant denies that the acts constituted flight. Mere departure from a place where a crime has been committed does not constitute flight. The State must

A-3879-16T4

prove beyond a reasonable doubt that the defendant, fearing that [he] would be arrested, fled for the purpose of evading that arrest." Ibid.

The omission of critical language from Option 1 of the Model Charge in this case was error. However, under the particular facts of the case, the error was harmless beyond a reasonable doubt. See R.B., 183 N.J. at 330 ("The harmless error standard thus requires . . . 'some degree of possibility that [the error] led to an unjust result. The possibility must be real, one sufficient to raise a reasonable doubt as to whether [it] led the jury to a verdict it otherwise might not have reached.'") (alterations in original) (quoting State v. Bankston, 63 N.J. 263, 273 (1973)).

We reach this conclusion for at least two reasons. Stevens testified that he continued to command defendant to stop because he was under arrest on multiple occasions after the initial encounter. Therefore, any suggestion that defendant's departure from the scene upon seeing Stevens on the street was motivated by anything other than the desire to avoid apprehension lacked credibility and was apparently soundly rejected by the jury. In addition, the judge twice told the jury that it must find the State proved "beyond a reasonable doubt that the defendant, fearing that he would be arrested, fled for the purpose of evading that arrest." We therefore have no doubt that the jury understood that

defendant could not be convicted unless it concluded defendant's departure was not just to avoid a confrontation with law enforcement, but rather specifically to evade arrest.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3879-16T4